IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUCHELL CINQUE MAGEE,

    Plaintiff,                         CV F 03 6764 REC  WMW  P

  vs.                                       ORDER RE MOTION (DOC 23)

D. BRAVO, et al.,

    Defendants.

_____/

       Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is Plaintiff's motion for reconsideration by the District Court of the March 25, 2005, order by the Magistrate Judge dismissing the first amended complaint.

       When filing a motion for reconsideration of the Magistrate Judge's ruling, Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." The court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard." 28 U.S.C. § 636(B)(1)(A); Fed.R.Civ.P. 72(a); United States v. Raddatz, 447 U.S. 667, 673 (1980); Bhan v. NME Hosp., Inc., 929 F.2d 1404, 1414 (9th Cir. 1991)

1 In the March 25, 2005, order, the Magistrate Judge identified the deficiencies in the first amended complaint.  Specifically, the court found that Plaintiff had failed to allege facts sufficient to state a claim for relief.  The first amended complaint was dismissed, and Plaintiff was granted leave to file a second amended complaint that cured the defects identified in the first amended complaint.

On April 6, 2005, Plaintiff filed a document titled as objections to the order dismissing the first amended complaint.   In that document, Plaintiff seeks reconsideration of that ruling pursuant to Federal Rule of Civil Procedure  60(b).   Rule 60(b)  governs the reconsideration of final orders of the district court.   The March 25, 2005, order is not a final order - Plaintiff was granted leave to file a second amended complaint.   Plaintiff has the opportunity to allege additional facts in a second amended complaint.   Failure to do so would result in a recommendation of dismissal, to which Plaintiff could file objections.

Because the ruling at issue is not a final order, the motion for reconsideration is governed by Local Rule 78-230(k).   The court finds that plaintiff's motion fails to meet the standard set forth above.  The ruling by the Magistrate Judge is no clearly erroneous or contrary to law.    As to any new facts or circumstances, the basis of the dismissal of the complaint was Plaintiff's failure to allege facts sufficient to state a claim for relief.   Plaintiff has the opportunity to allege new facts in an amended complaint.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for reconsideration of the March 25, 2005, order dismissing the first amended complaint is denied.  This matter is referred to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

668554**Dated:  April 27, 2005**         **/s/ Robert E. Coyle**
                                         UNITED STATES DISTRICT JUDGE