IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUCHELL CINQUE MAGEE,

       Plaintiff,                            CV F 03 6764 REC WMW   P

  vs.                                      ORDER RE MOTIONS
                                             (DOCUMENTS  27, 32)

D. BRAVO, et al.,

       Defendants.

       Plaintiff is a state prisoner proceeding pro se.  Pending before the court is Plaintiff's motion for summary judgment.

       On March 25, 2005, an order was entered, dismissing the operative pleading in this case, and granting plaintiff leave to amend.   On April 5, 2005, plaintiff filed objections to the order.  On April 28, 2005, an order was entered by the District Judge, construing the objections as a motion for consideration and denying reconsideration on the ground that the March 25th order is not a final order.

       On May 23, 1005, the Magistrate Judge granted plaintiff an extension of time in which to file a second amended complaint.  Plaintiff failed to do so, and on July 5, 2005, findings and recommendations were entered, recommending dismissal for failure to state a claim.   On July 19, 2005, plaintiff filed a motion for summary judgment and objections to the findings and

1

1 recommendations. August 17, 2005, an order was entered by the Magistrate Judge, vacating the
2 findings and recommendations and granting plaintiff an extension of time in which to file a
3 second amended complaint.   On August 18, 2005, plaintiff filed a motion for a preliminary
4 injunction.  On August 22, 2005, plaintiff filed a document titled as an objection to the
5 participation in this case by a U.S. Magistrate Judge.

   To date, plaintiff has failed to file a second amended complaint.  As to plaintiff's motion for summary judgment, because there is no operative pleading, the motion is denied.  The complaint on which this action proceeds fails to state a claim upon which relief could be granted.  As to plaintiff's request for injunctive relief, plaintiff supports his request with a two page declaration that restates generally the allegations of the first amended complaint.  To prevail, the moving party must show either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc., 762 F.2d 1374, 1376 (9th Cir. 1985), quoting Apple Computer, Inc. v. Formula International, Inc., 725 F.2d 521, 523 (9th Cir. 1984); see also Hartikka v. United States, 754 F.2d 1516, 1518 (9th Cir. 1985).   Because the operative complaint in this action fails to state a claim for relief, the court finds that the above standard has not been met.

   Accordingly, IT IS HEREBY ORDERED that:

   1. Plaintiff's motion for summary judgment filed on July 19, 2005, is denied.

   2. Plaintiff's motion for a preliminary injunction filed on August 18, 2005, is denied.

   3. This action is remanded to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated:  **March 23, 2006**              /s/ Robert E. Coyle
668554                                  UNITED STATES DISTRICT JUDGE