IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUCHELL CINQUE MAGEE,

Plaintiff,

CV F 03 6764 LJO WMW P

vs.

FINDINGS AND RECOMMENDATIONS

D. BRAVO, et al.,

Defendants.

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

Pending before the Court is Plaintiff's July 24, 2006, third amended complaint. Plaintiff, an inmate in the custody of the California Department of Corrections at Corcoran State Prison, brings this lawsuit against defendant D. Bravo, Custody Officer, and doe Deputy Warden. The allegations in this lawsuit stem from Plaintiff's classification as a double-cell inmate, and Plaintiff's placement in a "dungeon cell" for a one month period in 2003.

Plaintiff alleges that on September 1, 2003, he was taken from the main population and placed in a "prison dungeon cell." Plaintiff alleges that the cell was cold, due to "extremely cold air blowing." While in that cell, Plaintiff experienced an odd rash, and "itching and pain about the arms, legs and his privates." Approximately two and a half years later,

Plaintiff "developed a virus that cause him to disabled in his right leg and feet, unable to walk on his feet, as result suffer pains that no medication stopped." Plaintiff alleges, without specificity, that "defendants participated in poisoning him while holding him in a dungeon cell, without legal cause." In the original complaint, Plaintiff alleged that the cold conditions of the cell aggravated a previous injury incurred at Pelican Bay State Prison in January of 2000. Plaintiff also indicated in the earlier complaint (but has failed to allege in this amended complaint) that he has filed a separate lawsuit in the Northern District relating to his medical condition. Plaintiff also omits and earlier allegation that his placement in the "dungeon cell" was for his refusal to accept a cellmate. Plaintiff also sets forth allegations relating to his placement in a cell with another inmate. Plaintiff alleges that when he was transferred to CSP Corcoran, he classified as single cell placement. In his original complaint, Plaintiff alleged that on May 29, 2003, defendant Bravo denied a request by plaintiff for classification as single cell status, and denied plaintiff's request for a transfer to another facility. Defendant Bravo classified plaintiff as double cell, despite earlier classifications as single cell status. In the third amended complaint, Plaintiff alleges that Defendant Bravo placed false documents in Plaintiff's file. Plaintiff contends that these documents are "used to manipulate the prison staff to accept defendants authority over the Prison Director's classification regarding single cell." Plaintiff alleges that, as a result of the false documents, he has been subject to disciplinary actions.

Plaintiff filed an inmate grievance regarding Defendant Bravo's decision to classify Plaintiff as double-cell. Plaintiff alleges that unspecified individuals are obstructing the appeals process.

Plaintiff also sets forth specific medical conditions that he suffers: his right leg continues to swell; he can not stand on his right foot; his body is disfigured. Plaintiff does not allege that he was denied any medical care.

In general, prisoners have no liberty interest in their classification status. Moody

v. Daggett, 429 U.S. 78, 88 n. 9 (1976); Duffy v. Riveland, 98 F.3d 447, 457 (9th Cir. 1996); Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987). Therefore, plaintiff's classification from single cell to double cell, of itself, does not deprive plaintiff of any constitutional right.

The Eighth Amendment provides that "cruel and unusual punishment [shall not be] inflicted." "An Eighth Amendment claim that a prison official has deprived inmates of humane conditions of confinement must meet two requirements, one objective and the other subjective." Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir.) cert. denied, 514 U.S. 1065, (1995).

The objective requirement is met if the prison official's acts or omissions deprived a prisoner of "the minimal civilized measure of life's necessities.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). To satisfy the subjective prong, a plaintiff must show more than mere inadvertence or negligence. Neither negligence nor gross negligence will constitute deliberate indifference. Farmer, 511 U.S. at 833, & n. 4; Estelle v. Gamble, 429 U.S. 97, 106 (1976). The Farmer court concluded that "subjective recklessness as used in the criminal law is a familiar and workable standard that is consistent with the Cruel and Unusual Punishments Clause" and adopted this as the test for deliberate indifference under the Eighth Amendment. Farmer, 511 U.S. at 839-40.

______ Here, plaintiff fails to allege facts that state a claim for unconstitutional conditions of confinement. Plaintiff alleges that during his 30 day stay in the "dungeon cell," a pre-existing condition (for which he has an on-going lawsuit) was aggravated. There are no facts alleged that suggest a deliberate indifference to a serious risk to plaintiff's health or safety. Plaintiff does not allege any facts that suggest that a particular defendants subjected plaintiff to a particular harm. An allegation that he was placed in a cold cell for 30 day, and then developed an illness two and a half years later fails to state a claim for relief. The only identifiable Defendant is Correctional Officer Bravo, and the only conduct charged to him is the decision to classify Plaintiff as double-cell. There are no facts alleged that indicate that

Bravo knew of a particular harm to Plaintiff, and acted with disregard to that harm, injuring Plaintiff.

In an earlier order, the court found the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court determined that the complaint did not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff failed to state a claim for relief, the court dismissed the operative pleading and granted Plaintiff leave to amend the complaint. Plaintiff was advised of the above legal standards, and directed to file a third amended complaint. The third amended complaint fails to corrected the noted deficiencies, as set forth above.

Because Plaintiff has failed to correct the deficiencies and has failed to allege facts sufficient to state a claim for relief, the Court recommends that this action be dismissed for failure to state a claim upon which relief could be granted. See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987) (prisoner must be given notice of deficiencies and opportunity to amend prior to dismissing for failure to state a claim).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B). Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time waives all objections to the judge's findings of fact. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). IT IS SO ORDERED.

**Dated: June 19, 2007**

**/s/ William M. Wunderlich**
UNITED STATES MAGISTRATE JUDGE