IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUCHELL MAGEE,

       Plaintiff,            CV F 03 6764 LJO AWI WMW PC

vs.                           ORDER RE MOTION (DOC 62)

D. BRAVO, et al.,

       Defendants.

      On June 19, 2007, findings and recommendations were entered, recommending dismissal of this action for Plaintiff's failure to state a claim upon which relief could be granted.  Plaintiff did not file objections, and on July 23, 2007, the findings and recommendations were adopted, and this action was dismissed.

      On July 30, 2007, Plaintiff filed a motion titled as a motion to vacate the order adopting the findings and recommendations.   Because Plaintiff is seeking a reconsideration of the order dismissing this action, the Court will construe Plaintiff's motion as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b).

      Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  The rule permits a district court to relieve a party from a final order or judgment on the grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an

1

adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b). The motion for reconsideration must be made within a reasonable time, in any event, "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983)(en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988). The Ninth Circuit has held that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'" LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir. 1986), quoting Corex Corp. v. United States, 638 F.2d 119 (9th Cir. 1981). Accordingly, "the clause is reserved for 'extraordinary circumstances.'" Id.

In the present case, the court finds that the above standard has not been met. Plaintiff's motion consists of rambling argument related to Plaintiff's underlying criminal conviction, as well as disagreements with previous rulings in this case. Plaintiff has not, however, meet the above standard.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to vacate the order adopting the findings and recommendations is denied.

IT IS SO ORDERED.

**Dated:  March 27, 2008**           /s/ Lawrence J. O'Neill
                                     UNITED STATES DISTRICT JUDGE